IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA E. WHITLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-266-T |
| | ) |
| SOCIAL SECURITY ADMIN., et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 21, 2005, Sonja E. Whitlow, filed a 42 U.S.C. § 1983 complaint in which she appears to challenge actions that occurred during her confinement in the Opelika City Jail. The plaintiff names the Social Security Administration, Janet Oliver, Lekisha Preley and counselor Tonya, all mental health care providers, and Jenny Wilson, an employee of the Opelika City Jail, as defendants in this cause of action.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claims against the Social Security Administration and mental health officials prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. The Social Security Administration

The complaint submitted by Whitlow is, at best, rambling and unintelligible. However, it is clear from a review of this pleading that the Social Security Administration is not a proper party to this cause of action. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 119 S.Ct. at 985. The Social Security Administration is not a state actor under the requisite provisions of § 1983.

Moreover, even if the court were to construe the complaint as a *Bivens*[2] action against the Social Security Administration, this agency would be entitled to sovereign immunity from the plaintiff's claims as the United States and its agencies are immune from such a suit except to the extent that the United States consents to waive this immunity. *United States v. Mitchell*, 455 U.S. 535, 538 (1980); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir.

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

1999)("[S]overeign immunity bars suit against the United States expect to the extent it consents to be sued."). The United States has not waived its sovereign immunity with respect to claims presented against the Social Security Administration in the present action. Consequently, any claims presented under *Bivens* against this administration are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3] These claims are therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[4]

### B. Mental Health Counselors

With respect to actions undertaken by the plaintiff's mental health counselors, the complaint fails to assert a violation of Whitlow's constitutional rights. The complaint establishes that Whitlow simply dislikes the manner in which her counselors have chosen to counsel her. *Plaintiff's Complaint* at 3. This fails to rise to the level of a constitutional violation. *See Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). Additionally, the plaintiff makes no claims against Janet Oliver. The court therefore concludes that the plaintiff's challenges to actions of her mental health counselors be dismissed pursuant to the

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

[4] The plaintiff is not foreclosed on claims arising from a denial of social security benefits. Specifically, if the plaintiff seeks to file an action for an adverse decision issued by the Social Security Administration she may do so under 42 U.S.C. § 405 (g). However, the plaintiff is advised that prior to filing such an action she must properly exhaust her administrative remedies available within the Social Security Administration.

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Social Security Administration be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's claims against Janet Oliver, Lekisha Preley and counselor Tonya be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Social Security Administration, Janet Oliver, Lekisha Preley and counselor Tonya be dismissed from this cause of action.

4. This case, with respect to the plaintiff's claims against defendant Jenny Wilson, be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before April 11, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of March, 2005.

/s/Charles S. Coody
CHARLES S. COOODY
CHIEF UNITED STATES MAGISTRATE JUDGE