IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SONJA E. WHITLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05cv266-MHT |
| | ) | (WO) |
| JENNY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Sonja E. Whitlow ("Whitlow"), a jail inmate, contends that Jennie Wilson ("Wilson"), supervisor of the Opelika Municipal Jail, subjected her to unconstitutional conditions of confinement and failed to arrange for her bail payments.

Wilson filed a special report and supporting evidentiary materials addressing Whitlow's claims for relief. (Doc. No. 14.) Pursuant to this court's March 28, 2005, order (Doc. No. 5), the court deems it appropriate to treat the special report as a motion for summary judgment. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Whitlow's response to the motions, the court concludes that Wilson's motion for summary judgment should be granted.

## II. FACTS

Whitlow has frequented the Opelika Municipal Jail on several occasions. (Wilson's Affid., p. 1.) During one of her visits to the jail in 2004, Whitlow became dissatisfied with the accommodations and wished to be moved to another area or released on bail. (Doc. No. 1, p. 2.) Upon Whitlow's entry into the jail on April 6, 2004, Wilson assigned Whitlow to cell C-5, a two-person cell with a shower. (*Id*.) Within moments after being moved to her new cell, Whitlow attacked a jailer and was temporarily reassigned a maximum security cell. (Def's Ex. B.) The next day, Whitlow was moved back to cell C-5 where she remained until May 8, 2004, when she was moved to a maximum security cell and placed on suicide watch. (Def's Ex. C.) Two days later, a jailer moved Whitlow to the cellblock. (*Id*.) Whitlow was released from the Opelika Municipal Jail on October 21, 2004. (Def's Ex. A.)

At some point during Whitlow's incarceration, Whitlow requested that Lekisha Preley, an employee of a mental health organization, provide her with "back pay" payments to which she was entitled from the Social Security Administration. (Doc. No. 1, p. 2-3; Doc. No. 16, p. 1.) Specifically, Whitlow requested that Preley arrange for Wilson to use money owed to her from the Social Security Administration as payment for bail. (*Id*.) Whitlow did not have any funds in her jail account. (Doc. No. 16, p. 1.)

## III. STANDARD OF REVIEW

To survive a defendant's properly supported motion for summary judgment, the

2

plaintiff is required to produce some evidence based on personal knowledge which would be admissible at trial supporting his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, the plaintiff must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. A plaintiff's conjectural and conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all admissible evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after

being afforded an opportunity to do so, to establish that there is a genuine issue as to a material fact in order to preclude summary judgment.

## IV. DISCUSSION

To the extent Whitlow asserts that she was subjected to unconstitutional conditions of confinement during her incarceration in the Opelika Municipal Jail, her claim is unavailing. The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Whitlow has adduced no evidence showing she was deprived of life's basic necessities or that she suffered any injuries or was exposed to unreasonable harm as a result of being placed in a particular cell. (Doc. No. 14, p. 2; Doc. No. 16, p. 1-6.) The denial of access to a preferred cell does not assert a deprivation, much less a sufficiently grave one, denying minimal civilized measures of life's necessities. In addition, Whitlow does not dispute that she never complained to Wilson about her placement in the cellblock. (Wilson's Affid., p. 1; Doc. No. 16, p. 1-6.) Thus, Wilson's motion for summary judgment with respect to this conditions-of-confinement claim should be granted.

To the extent Whitlow contends that the deprivation of Social Security payments prevented her from making bail, she has failed to demonstrate that Wilson withheld any

money from Whitlow's jail account or received any checks from the Social Security Administration. Whitlow also does not dispute that she never asked Wilson to release any money for bail. (Doc. No. 14, p. 2.) Additionally, it is clear that Wilson was not responsible for arranging for Whitlow's bail payments. Thus, Whitlow has failed to demonstrate any causal connection between her failure to make bail and Wilson's actions. Proof of an affirmative causal connection between the official's acts or omission and the alleged constitutional deprivation is necessary to sustain a claim for relief under 42 U.S.C. § 1983. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.1986). The court therefore concludes that Wilson's motion for summary judgment with respect to this claim should be granted.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Wilson's motion for summary judgment be GRANTED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before September 7, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of August, 2006.

                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE